IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK 20-40616 |
| | ) | |
| MAX CHRISTIAN KANT and ANN MARIE KANT, | ) ) | |
| | ) | Chapter 7 |
| Debtors. | ) ) | |

**Order Determining Action is *In Personam* and
Subject to the Discharge Injunction**

James Volk seeks an order finding the discharge injunction does not bar his state court action to rescind a warranty deed and to quiet title to real estate as against the debtors Max and Marie Kant. Mr. Volk's complaint contains causes of action for undue influence, duress, overreaching, fraud, negligence, and constructive trust. Volk also seeks to avoid liens against the real estate which attached after he filed a notice of *lis pendens*. Because Volk must rescind the deed and agreement before he can quiet title, and because his action seeking rescission is *in personam*, it is barred by the discharge injunction.

James Mitchell and James Place appeared for the debtors. Michael Snyder appeared for James Volk.

**Findings of Fact**

Volk filed his complaint against the debtors in Nebraska state court on May 30, 2018. He amended it three times. According to the complaints, the debtors operated a feedlot, which Volk managed for eleven years. The feedlot was short cattle and lost money. The debtors blamed Volk for the losses. Mr. Kant insisted Volk sign an agreement, which required Volk to pay the debtors for the losses. As payment, Volk agreed to convey real estate to the debtors. Kant forced Volk to sign the documents as Volk's employer, through threats, unequal bargaining power, and false representations the debtors would "help" and "take care of" Volk. Kant told Volk the debtors would hold the real estate only "until the mess was over." Kant also demanded Volk help the debtors because they "were suffering financially." Volk signed the agreement and deed on September 29, 2017, and Kant filed the deed on October 2.

As to remedies, Volk initially requested the state court enter an order "voiding the alleged transaction", restoring Volk as the titled owner, and awarding damages. In his amended complaint he requested an order "voiding or setting aside the purported deed", to quiet title in Volk, and awarding damages. In his second amended complaint he requested an order "setting aside each of the disputed instruments and declaring them void and of no effect", "restoring Plaintiff as the rightful owner of said real property",

1

quieting title, and awarding damages for "losses to Plaintiff by Defendant's exercise of possession" of the real estate. (Doc. #117).

The debtors filed a Chapter 7 bankruptcy petition on May 1, 2020. Volk filed a proof of claim on July 27, 2020, asserting an unsecured claim of $550,000, for the "estimated value of property acquired by Debtor's fraud/duress." Volk did not object to the dischargeability of the debt. He did not object to the debtors' discharge. The debtors were granted a discharge on September 15, 2020. After the discharge was entered, Volk filed a motion for relief from stay, presumably for a comfort order and purportedly to pursue an *in rem* claim against the real estate. The debtors did not resist the motion. (Doc. #1; Doc. #60; Doc. #64; Doc. #69; Claim 3-1).

After the Chapter 7 trustee filed a notice of final report in March 2021, the debtors objected to Volk's claim asserting, "the Volk State Court Case is an *in-rem* action concerning 138.1 acres of real estate." The clerk issued a deficiency notice because the debtors did not serve the objection with the resistance deadline required under the court's local rules. The deficiency notice stated the objection to claim would be deemed abandoned if the deficiency was not timely corrected. The debtors did not correct the deficiency.

Even though the debtors' objection to claim was deemed abandoned, Volk filed a limited resistance to the objection, asserting, "The Debtor is correct that the Claimant, James Volk, is litigating an *in rem* action." Volk stated he did not "oppose the estimation of the claim as zero" because "the Claimant is not seeking money damages in the State Court action." Volk also stated:

> Neither the Claimant nor the Debtors want the allowance or disallowance of Claim No. 3 to have any evidentiary value, nor to be used by either party as a contention that the Bankruptcy Court's allowance or disallowance of the claim is res judicata or issue preclusion in the State Court action.

Volk requested his claim "be estimated at 'zero' for purposes of distribution to unsecured creditors." (Doc. #80). Within days, Volk withdrew his limited resistance and filed a stipulation captioned under the state court action which stated:

> 5. Plaintiff will not resist Defendant's objection to Plaintiff's claim in bankruptcy court.
>
> 6. Neither party may offer or present evidence in this matter of the Plaintiff's claim, Defendants' objection to the claim, or Plaintiff's abstaining to Defendants' Objection that arise out of the bankruptcy proceedings.

(Doc. #80; Doc. #81).

A bank objected to the trustee's final report because its claim was improperly treated as fully secured. The debtors also objected because the trustee proposed to pay the Volk claim. The debtors' stated in their objection to the final report, "The Volk Claim is presently being litigated in an *in-rem* action." They requested Volk's claim be disallowed

2

because "the Volk State Case proceeds solely as an *in-rem* action". (Doc. #72; Doc. #74; Doc. #75; Doc. #76; Doc. #77).

During the hearing on the trustee's final report, the Chapter 7 trustee requested clarification as to whether Volk's claim should be paid. The court set Volk's claim at zero dollars noting, "if Mr. Volk says he is not owed anything on an unsecured basis and the parties have stipulated to zero out that claim that we ought to do that … and the money Mr. Volks says he shouldn't be paid … should go to the proper creditors." (Doc. #84, .mp3 file at 04:19). Volk did not appeal or seek relief from the order.

Volk filed a third amended complaint in state court on July 2, 2021, adding third parties who claimed an interest in the real estate after the *lis pendens* was filed. Volk removed his request for money damages in his prayer for relief. The debtors filed a motion to dismiss the state court action, asserting Volk's claims were discharged. The state court ordered the parties to "obtain a clarifying order" from this court as to whether the state court may "proceed on the merits of the present case without violating the discharge Order." (Doc. #103; Doc. #106; Doc. #117).

The parties agreed to proceed with this matter without an adversary proceeding to the extent one is required by Bankruptcy Rule 7001.

## Conclusions of Law

### *Effect of Discharge*

The issue is whether continuing the state court action violates the statutory discharge injunction. When the debtor is granted a discharge, it operates as an injunction against continuing an action to recover any "debt as a personal liability of the debtor". 11 U.S.C. § 524(a)(2). A "debt" means "liability on a claim." *Id*. § 101(12). A "claim" means:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

*Id*. § 101(5). According to the Eighth Circuit, "by defining 'claim' as it did, Congress intended to adopt the 'broadest available definition' of the term." *San Mateo v. Peabody Energy Corp. (In re Peabody Energy Corp.)*, 958 F.3d 717, 724 (8th Cir. 2020) (citations omitted). "Congress intended 'claim' to include 'virtually all obligations to pay money.'" *Id*.

Volk argues his causes of action are focused on setting aside a void deed and quieting title. Because he does not request money damages or litigation costs, he asserts "the relief requested in purely *in rem*". Actions *in rem* are not affected by the bankruptcy

3

discharge. "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *see also Bank One Wisconsin, N.A. v. Annen (In re Annen)*, 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000) ("As is evident from the plain language of the statute, the discharge injunction applies to *in personam* actions. It does not apply to *in rem* actions.").

An action to quiet title is *in rem* and is not affected by the discharge injunction. Under Nebraska statute:

> An action may be brought and prosecuted to final decree, judgment or order, by any person or persons, whether in actual possession or not, *claiming title to, or an estate in real estate* against any person or persons who claim, or apparently have an adverse estate or interest therein, *for the purpose of determining such estate, or interest, canceling unenforceable liens, or claims against, or which appear to be against said real estate*, and quieting the title to real estate.

Neb. Rev. Stat. § 25-21,112 (emphasis added).

But Volk seeks more than to quiet title. The scope of his action is larger than the scope of an action to quiet title. Volk does not have title to or an estate in the real estate. The debtors are the title owners. Volk does not seek to determine his own estate or interest. Volk does not have a lien against the real estate. The debtors do not have an unenforceable lien or claim against the real estate to cancel.

Volk argues his action is one to quiet title because the deed is void. He cites *Reynolds v. Rickgauer*, 106 N.W. 175 (Neb. 1905) for the proposition "the execution and delivery of a deed procured by fraud or improper means gives rise to a quiet title action." But the deed is not void. It is only voidable. *See Heritage Bank v. Bruha*, 812 N.W.2d 260, 269 (Neb. 2012) (holding an instrument procured by fraud "may be voidable if the party's consent was obtained by false representations."); *Mundy v. Whitmore*, 19 N.W. 694, 696–97 (Neb. 1884) (holding "a contract made under duress is voidable, not void."). Even the court in *Reynolds* first granted rescission based upon the fraud.

Volk's complaint states grounds to rescind a valid deed. *See Turbines Ltd. v. Transupport, Inc.*, 825 N.W.2d 767, 774 (Neb. 2013) ("Generally, grounds for cancellation or rescission of a contract include fraud, duress, unilateral or mutual mistake, and inadequacy of consideration."). Until rescission is granted, the deed from Volk to the debtors is not void. The debtors do not have an unenforceable claim against the real estate. Recission is not accomplished until a court grants it.

> [I]t is important that in equity, the lawsuit is not on rescission, but, rather, is for rescission, and thus it is a suit to have the court declare a rescission *which is not accomplished in equity until the court so decrees*. [Nebraska caselaw] further illuminates the equitable remedy of rescission, stating that *when a court of equity grants rescission*, its decree wipes out the instrument and renders it as though it does not exist.

4

*Holoubek v. Romshek*, 749 N.W.2d 901, 910 (Neb. App. 2008) (citing *Kracl v. Loseke*, 461 N.W.2d 67 (Neb. 1990)) (emphasis added). The state court has not decreed rescission. The pertinent question then becomes whether an action seeking rescission is *in personam* or, like a quiet title action, *in rem*.

Actions for undue influence, duress, overreaching, fraud, negligence, and constructive trust are *in personam* actions. They can be asserted in cases not involving real estate. Likewise, an action for rescission is generally *in personam* even if the subject of the action involves a remedy against real estate. *Parker v. Handy (In re Handy)*, 624 F.3d 19, 22 (1st Cir. 2010) (holding a request for a constructive trust did not of itself give rise to a cause of action *in rem* and a plaintiff "cannot transform a request for a remedy *in rem* into a cause of action *in rem*."); *Waters v. JPMorgan Chase Bank (In re Waters)*, 2013 WL 4479091, at *2 (Bankr. M.D. Fla. Aug. 20, 2013) ("[W]here the object of the proceeding only incidentally affects real property, such as where title transfers as a result of holding an individual personally responsible for a bad act such as fraud, the action indeed is *in personam*"); *Hall v. JPMorgan Chase Bank (In re Hall)*, 559 B.R. 456, 462 (Bankr. W.D. Va. 2016) (holding claim to reform a defective deed of trust was *in rem* but claim for unjust enrichment to impose a constructive trust against real estate was *in personam* and barred by the discharge injunction); 13 Am. Jur. 2d Cancellation of Instruments § 60 ("[C]laims for rescission or cancellation of a deed generally are considered *in personam* actions under both federal and state law."); 12A C.J.S. Cancellation of Inst. § 107 ("[A]n action for the cancellation of an instrument is generally *in personam*, rather than *in rem*.").

The fact Volk does not seek the *remedy* of money damages does not convert his action *in personam* action into an *action in rem*. *See In re Peabody Energy Corp.*, 958 F.3d 717 (8th Cir. 2020). In *Peabody Energy*, municipalities from the State of California sued the debtor for contributing to global warming, asserting various tort claims and a public nuisance claim. The municipalities sought to enjoin the nuisance. The debtor filed for Chapter 11 bankruptcy and obtained a discharge. The municipalities contended the public nuisance action was not a "claim" subject to discharge because California law allowed the plaintiffs to recover only an injunction, not damages. The municipalities argued they did not have a "'right to payment' or an equitable remedy that 'gives rise to a right to payment.'" *Id.* at 724. The 8th Circuit held the claim was discharged, noting "equity often orders payment[s]" that can be discharged in bankruptcy." *Id.* (citing *United States v. Apex Oil Co.*, 579 F.3d 734, 736 (7th Cir. 2009)). The court held:

> It does not matter that the municipalities do not request that Peabody be ordered to pay into an abatement fund. That a California court *could order them* is sufficient to make the claim dischargeable…."

*Id.* at 724 (emphasis added). Likewise, under Nebraska law, if the circumstances warrant, the court *could* order damages in the existing state court lawsuit.

> [W]here an action is brought for the purpose of canceling deeds fraudulently procured, and it is found that the property for some reason cannot be reconveyed to the party wronged, a court of equity having attained jurisdiction, will hold the

5

case for the purpose of giving complete relief, and *may award damages in lieu of the return of the property*.

*Bailey v. Chilton*, 184 N.W. 939, 940 (Neb. 1921) (emphasis added). Volk recognized a damages remedy is available in his second amended complaint when he sought *both* recission and "damages for any losses to Plaintiff by Defendant's exercise of possession of the real property." Volk's action seeking rescission is barred by the discharge injunction.

*Judicial Estoppel*

Volk asserts judicial estoppel should apply because the debtors asserted Volk's action was *in rem* in their objections to Volk's claim and the trustee's final report. Judicial estoppel can be invoked against a party who makes a knowing misrepresentation or perpetrates a fraud on the court. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). "Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit." *Id.*

Generally, three factors should be considered when deciding whether to apply judicial estoppel:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 1047 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

The factors do not support judicial estoppel. The debtors' statements were not sworn statements. But, accepting for argument's sake the "position" taken need not be under oath, the first factor is present. The debtors are taking a position in their motion to dismiss clearly inconsistent with their position in the objections. They previously asserted the action was *in rem*. Now they assert it is *in personam*.

The second factor requires "the bankruptcy court have adopted the debtor's position." This court entered an order setting Volk's claim at zero dollars. But the court did not set Volk's claim at zero dollars based upon the *debtors'* position. The debtors had no standing to object to Volk's claim or to the trustee's final report. *See Nangle v. Surratt-States (In re Nangle)*, 288 B.R. 213, 216 (B.A.P. 8th Cir.) ("Debtors, particularly chapter 7 debtors, rarely have a pecuniary interest because how the estate's assets are disbursed by the trustee has no pecuniary effect on the debtor."). Volk's claim was set at zero dollars because *Volk* requested it, himself stating his action was *in rem*. Volk stipulated his claim "be estimated at 'zero' for purposes of distribution to unsecured creditors." He

also stipulated the "allowance or disallowance" of his claim should have no "evidentiary value." The court approved his stipulation finding, "[I]f Mr. Volk says he is not owed anything on an unsecured basis and the parties have stipulated to zero out that claim that we ought to do that."

The third factor is also not present. The debtors will not derive an unfair advantage. Volk will not receive an unfair detriment. The issue is whether Volk's claim is discharged by the discharge injunction. Volk was required to object to the debtors' discharge or to dischargeability of his claim. He did not. Volk's claim was discharged *before* the debtors took the position the state court action was *in rem*. Kant was granted a discharge on September 15, 2020. Kant objected to Volk's claim and to the trustee's final report in April 2021, well after the discharge was entered. Judicial estoppel is not supported.

*Request for Sanctions*

The debtors requested sanctions in their opposition to Volk's motion. Sanctions are not appropriate because the debtors did not file a motion seeking sanctions and did not present any evidence on the issue. More importantly sanctions are not warranted because the debtors contributed to the confusion in this case by themselves asserting the state court action was *in rem*.

**Conclusion**

The state court action currently filed by James Volk against Max and Marie Kant is barred by the discharge injunction of 11 U.S.C. § 524(a)(2) because it is an action *in personam*.

Dated: November 28, 2022

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
United States Bankruptcy Judge

Notice given by the court to:
Michael Snyder *
James Mitchell
James Place

Movant (*) must serve this order on other parties if required by rule or statute.

7